UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

KEVIN L. WILLIAMS,                    )
                                      )   No. CV-08-133-CI
            Plaintiff,                )
                                      )
v.                                    )   ORDER GRANTING DEFENDANT'S
                                      )   MOTION FOR SUMMARY JUDGMENT
MICHAEL J. ASTRUE,                    )   AND DENYING PLAINTIFF'S
Commissioner of Social                )   MOTION FOR SUMMARY JUDGMENT
Security,                             )
                                      )
            Defendant.                )
                                      )
_____       )

        BEFORE THE COURT are cross-Motions for Summary Judgment.  (Ct.

Rec. 13, 16.)   Attorney Maureen J. Rosette represents Plaintiff;

Special  Assistant  United  States  Attorney  Richard  M.  Rodriguez

represents Defendant.  The parties have consented to proceed before a

magistrate judge.  (Ct. Rec. 8.)  After reviewing the administrative

record and briefs filed by the parties, the court **DENIES** Plaintiff's

Motion for Summary Judgment and **GRANTS** Defendant's Motion for Summary

Judgment.

                            **JURISDICTION**

        Plaintiff Kevin L. Williams (Plaintiff) protectively filed for

disability insurance benefits (DIB) and social security income (SSI)

on April 19, 2005.  (Tr. 57, 64, 301.)  Plaintiff alleged an onset

date of January 1, 2005. (Tr. 64, 301.)   Benefits were denied

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -1

initially and on reconsideration. (Tr. 37, 43.)  Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ Richard Say on October June 19, 2007.  (Tr. 310-44.) Plaintiff was represented by counsel and testified at the hearing. The ALJ denied benefits (Tr. 17) and the Appeals Council denied review after considering additional evidence submitted by Plaintiff.  (Tr. 6.)  The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

### STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and will therefore only be summarized here.

At the time of the hearing, Plaintiff was 42 years old.  (Tr. 311.)  He graduated from high school.  (Tr. 311.)  He has previously served in the Coast Guard and worked in Alaska as a crab processor and laborer on a commercial fishing boat.  (Tr. 75, 326.)  Plaintiff also has past work experience as a greenhouse supervisor.  (Tr. 75, 325.) Plaintiff alleged he became disabled on January 1, 2005, when he had a grand mal seizure.  (Tr. 313.)  He testified that he was told he had another grand mal seizure as an infant which left a scar on his brain. (Tr. 313.)  He had petit mal seizures between the two grand mal seizures, but he did not realize they were seizures at that time. (Tr. 313.)  He has ten to fifteen petit mal seizures per week, depending upon his stress level.  (Tr. 317.)  Plaintiff testified his petit mal seizures last three to five minutes, more or less.  (Tr. 319.)  After a seizure, he has bad headaches, gets sick to his stomach, and feels tired and drained of energy.  (Tr. 319.)  Plaintiff stated the effects of a petit mal seizure can last anywhere from a few

hours to a couple of days.  (Tr. 321.)  Plaintiff also testified that he has anxiety in public or around a lot of people and that he has difficulty sleeping.  (Tr. 322-23.)

### STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision.  42 U.S.C. § 405(g).  A court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler,* 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan,* 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d 573, 576 (9th Cir. 1988).  Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citations omitted).  "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld.  *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965).  On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner.  *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this court, to resolve

conflicts in evidence. *Richardson*, 402 U.S. at 400.  If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services,* 839 F.2d 432, 433 (9th Cir. 1988).  Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

### SEQUENTIAL PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A).  The Act also provides that a Plaintiff shall be determined to be under a disability only if his impairments are of such severity that Plaintiff is not only unable to do his previous work but cannot, considering Plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).  Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -4

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404, Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If plaintiff is able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final

step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation.  The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" which the claimant can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**ALJ'S FINDINGS**

At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity at any time relevant to the decision.  (Tr. 19.)  At steps two and three, he found Plaintiff has the severe impairments of seizure disorder and cognitive impairment, not otherwise specified (Tr. 19), but the impairments do not meet or medically equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings).  (Tr. 24.)  The ALJ then determined:

> [T]he claimant has the residual functional capacity to perform a wide range of work activities.  He can occasionally climb ramps or stairs, or engage in balancing. He should avoid climbing ropes, ladders and scaffolds.  He should avoid hazards such as heights and moving machinery.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT –6

> He is unable to drive.  He is capable of understanding, remembering, and carrying out short and simple instructions. He is capable of superficial interaction with the general public and with coworkers.

(Tr. 25.)  At step four, the ALJ found Plaintiff is unable to perform any past relevant work.  (Tr. 27.)  Based on the testimony of a vocational expert and Plaintiff's age, education, work experience and residual functional capacity, the ALJ found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.  (Tr. 27.)  As such, the ALJ found Plaintiff was not under a disability as defined in the Social Security Act from January 1, 2005, through the date of the decision.  (Tr. 28.)

## ISSUES

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error.  Specifically, Plaintiff asserts the ALJ erred by: (1) determining Plaintiff does not have a severe mental impairment at step two; (2) improperly rejecting psychological opinion evidence; (3) failing to include all of Plaintiff's limitations in the hypothetical to the vocational expert; and (4) failing to properly support the credibility finding.  (Ct. Rec. 14 at 11-17.)  Defendant asserts the ALJ's decision is supported by substantial evidence at each step of the sequential evaluation process and should be affirmed.  (Ct. Rec. 17 at 6.)  Defendant argues the ALJ: (1) made a proper step two finding (Ct. Rec. 17 at 15); (2) gave specific and legitimate reasons for rejecting psychological opinion evidence (Ct. Rec. 17 at 10); (3) included the credible and supported limitations on Plaintiff's ability to work in the hypothetical to the vocational expert (Ct. Rec. 17 at 20); and (4) properly found Plaintiff to be less than fully credible.  (Ct. Rec. 17

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -7

1  at 6.)

2  **DISCUSSION**

3  **1.   Credibility**

4      Plaintiff asserts the ALJ erred by not properly rejecting

5  Plaintiff's symptom testimony. (Ct. Rec. 14 at 16.)  He argues the

6  ALJ did not specifically set forth why Plaintiff's testimony regarding

7  his frequent petit mal seizures and how he felt afterward is not

8  credible and what facts in the record lead to that conclusion. (Ct.

9  Rec. 14 at 16.)  Defendant argues the ALJ cited Plaintiff's

10  inconsistent statements and properly found Plaintiff to be less than

11  credible. (Ct. Rec. 17 at 6.)  When asked to take only Plaintiff's

12  testimony into account, the vocational expert testified there is no

13  work Plaintiff can do because of Plaintiff's frequent petit mal

14  seizures and the aftereffects. (Tr. 331A.)  Therefore, if the ALJ

15  erred and the Plaintiff's testimony is credited, the ALJ's ultimate

16  finding of nondisability is also in question.

17      In social security proceedings, the claimant must prove the

18  existence of a physical or mental impairment by providing medical

19  evidence consisting of signs, symptoms, and laboratory findings; the

20  claimant's own statement of symptoms alone will not suffice.  20

21  C.F.R. § 416.908.  The effects of all symptoms must be evaluated on

22  the basis of a medically determinable impairment which can be shown to

23  be the cause of the symptoms.  20 C.F.R. § 416.929.

24      Once medical evidence of an underlying impairment has been shown,

25  medical findings are not required to support the alleged severity of

26  the symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991).

27  If there is evidence of a medically determinable impairment likely to

28  cause an alleged symptom, the ALJ must provide specific and cogent

reasons for rejecting a claimant's subjective complaints. *Id.* at 346. The ALJ may not discredit pain testimony merely because a claimant's reported degree of pain is unsupported by objective medical findings. *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). The following factors may be considered: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) claimant's daily living activities; (4) claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's condition. *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).

If the ALJ finds that the claimant's testimony as to the severity of his pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony. *Id.* In the absence of affirmative evidence of malingering, the ALJ's reasons must be "clear and convincing." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1038-39 (9th Cir. 2007); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *Morgan*, 169 F.3d 595, 599 (9th Cir. 1999). The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (citing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

In this case, seizure and cognitive disorders have been established (Tr. 19, 26) and there is no evidence of malingering, so the ALJ's credibility finding must be based on clear and convincing evidence. With respect to Plaintiff's credibility, the ALJ stated

"his subjective complaints regarding the extent of his functional limitations are not fully credible." (Tr. 25.) The ALJ then listed a number of facts in the record to support his credibility finding. (Tr. 25-26.)

The ALJ first pointed out Plaintiff asserts he has been disabled since January 1, 2005, but he quit his last job for reasons other than disability. (Tr. 25.) Plaintiff started a job at Select Farms in November 2006, but testified he left the job in January 2007 because he was unable to perform due to stressors and being required to climb heights. (Tr. 25-26, 315.) However, he told Dr. Arnold he was let go because of a lack of work (Tr. 26, 284) and he told Dr. McKnight he quit because he did not like the low pay and no benefits.[1] (Tr. 26,

---

[1]The ALJ erroneously referred to Dr. McKnight's note that Plaintiff quit due to low pay and no benefits in discussing Plaintiff's departure from his job as a greenhouse supervisor, which he held for eight years and ended before the alleged onset of disability. Dr. McKnight's report that Plaintiff quit due to low pay and no benefits actually referenced Plaintiff's departure from Select Farms in January 2007. Dr. McKnight wrote "he reported working in the green house at a local nursery for a few months and said the job ended when he quit because he did not like the job that provided low pay and no benefits." (Tr. 188.) With respect to the greenhouse supervisor position, Dr. McKnight reported, "He said previous work was at a different green house where he was apparently employed some eight years. It seems he quit this job for no apparent reason and did not have another job waiting." (Tr. 188.) Plaintiff testified he quit the greenhouse supervisor job to stay home with his daughter. (Tr.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -10

188.)  The ALJ also pointed out that Plaintiff testified the petit mal seizures started while he working at the greenhouse before his grand mal seizure on January 1, 2005, yet he was able to sustain work he described to be heavy and stressful despite his problem.  (Tr. 26, 327.)  Plaintiff's statements regarding his work history have been inconsistent and the ALJ properly considered them in making the credibility determination.

A second inconsistency pointed out by the ALJ is that in November 2005, Plaintiff reported to an emergency room physician that his recent petit mal seizures were "exactly like all his past seizures" and he experienced symptoms which last for a few minutes and then resolve, "which is exactly like all his past symptoms."  (Tr. 26, 266.)  In January 2005, he told a neurologist he attributed his "spells" to stress, as he could usually function and was aware during them.  (Tr. 26, 122.)  These reports contrast with Plaintiff's testimony about more severe effects from his seizures and are therefore properly considered by the ALJ in his credibility determination.

A third factor in the credibility finding is the ALJ's conclusion that Plaintiff has not been completely compliant with medication

_____

26, 327.)  Although the ALJ erred, the error is harmless because the ALJ's point that Plaintiff inconsistently reported the reasons for leaving jobs is supported by the record.  Harmless error are those errors which do not affect the ultimate outcome.  *See Parra v. Astrue,* 481 F.3d 742, 747 (9th Cir. 2007); *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1990); *Booz v. Sec'y of Health and Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -11

recommendations. (Tr. 26.) Failure to comply with a prescribed course of treatment is relevant to a disability claim. 20 C.F.R. § 404.1530. However, in this case, the evidence does not support the conclusion that Plaintiff was noncompliant. The ALJ indicated that Plaintiff's treating neurologist, Dr. Britt, noted "on several occasions" that Plaintiff did not comply with medication recommendations (Tr. 26), yet the ALJ cited only one note where Dr. Britt mentions Plaintiff was supposed to be taking Carbatrol and Depakote adjunctively, but "somehow he discontinued Carbatrol" and was only taking Depakote. (Tr. 22, 214.) This note does not indicate that Plaintiff was generally noncompliant with treatment recommendations, suggest a pattern of noncompliance, or even reflect willful noncompliance. Without more, the ALJ should not have concluded that Dr. Britt's note reflects negatively on Plaintiff's credibility.

Lastly, the ALJ pointed to Dr. Arnold's assessment, which noted some discrepancies regarding Plaintiff's reports of substance use, and, according to the ALJ, raised questions about his forthrightness during the assessment. (Tr. 26, 285.)[2] Conflicting or inconsistent testimony concerning alcohol use can contribute to an adverse

---

[2]Dr. Arnold actually said Plaintiff's "apparent minimization of substance use history raised questions as to his being forthright during the assessment, *at least, concerning this issue*." (Tr. 285, emphasis added.) The ALJ may have overstated Dr. Arnold's conclusion about Plaintiff's forthrightness, but the inconsistencies which are the basis of Dr. Arnold's statement support the ALJ's negative credibility finding.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -12

credibility finding. *Robbins. v. Soc. Sec. Admin.*, 466 F.3d 880, 884 (9th Cir. 2006).  Dr. Arnold reported Plaintiff denied a history of illegal drug use and stated he had not drunk alcohol in over a year, then pointed to collateral records indicating Plaintiff reported past use of cannabis and cocaine.  (Tr. 188, 285.)  Dr. Arnold also reported Plaintiff denied a history of prescription or over the counter drug abuse, chemical dependency treatment, DUIs, or adult history of legal infractions.  He then noted Plaintiff had admitted to Dr. McKnight that he had a DUI in 2003 and completed court-ordered substance abuse treatment.  (Tr. 188, 285.)  The ALJ properly considered Plaintiff's inconsistent statements regarding drug and alcohol use in making the credibility finding.

The ALJ's credibility finding was properly supported.  The ALJ listed a number of valid reasons for rejecting Plaintiff's testimony as to the extent of his functional limitations and noted inconsistencies and contradictions in the evidence and Plaintiff's allegations.  (Tr. 25-26.)  The ALJ noted Plaintiff's inconsistent reporting regarding his reason for leaving his last position; his ability to work successfully in the past despite his seizures; Plaintiff's own reports about the relatively mild after effects of the seizures; and contradictory information provided regarding past substance abuse and legal issues.  An ALJ may engage in ordinary techniques of credibility evaluation, including observation of inconsistencies in the claimant's testimony, *Burch*, 400 F.3d at 681, and may make reasonable inferences from the evidence.  *Batson v. Comm'r of Soc. Sec'y Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).  The ALJ cited one invalid reason in his credibility determination, but the error is harmless because the remaining reasons given by the ALJ and

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -13

the ultimate nondisability determination are supported by the record. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008); *see also Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1196-97 (9th Cir. 2004). While another ALJ may have interpreted the evidence differently, the court may not engage in second-guessing if the ALJ's credibility finding is supported by substantial evidence in the record. *See Morgan v. Comm's of Soc. Sec'y Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). In this case, the ALJ's credibility determination is specific and adequately supported by substantial evidence in the record.

**2. Medical Opinion Evidence**

The ALJ gave little weight to the report of John Arnold, Ph.D. (Tr. 27.) Plaintiff argues Dr. Arnold's opinion should be credited because the ALJ failed to properly reject it. (Ct. Rec. 14 at 14.) Defendant argues the ALJ gave specific and legitimate reasons for rejecting the opinion. (Ct. Rec. 17 at 10.) When the vocational expert was asked to take into account the eight moderate limitations and five marked limitations assessed by Dr. Arnold, the vocational expert concluded there would be no work the Plaintiff could perform. (Tr. 292-95, 332-33.) Thus, the evaluation of Dr. Arnold's report is critical to the ultimate nondisability determination.

The ALJ must consider the opinions of acceptable medical sources about the nature and severity of the Plaintiff's impairments and limitations. 20 C.F.R. §§ 404.1527, 416.927; S.S.R. 96-2p; S.S.R. 96-6p. A treating or examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear

and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). If contradicted, the ALJ may reject the opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989); *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989).

In this case, the opinions of Dr. McKnight, an examining psychologist, and Dr. Mee, a state agency consulting psychologist, conflict with the opinion of Dr. Arnold. Dr. Arnold diagnosed more psychological conditions than Dr. McKnight and Dr. Mee, and assessed greater functional limitations than Dr. Mee.[3] Thus, the ALJ was required to provide specific, legitimate reasons supported by substantial evidence in rejecting Dr. Arnold's opinion.

The ALJ gave five reasons for rejecting Dr. Arnold's report. First, the ALJ pointed out that Plaintiff has "no longitudinal history of a psychological disorder or treatment," and "[h]e is not currently receiving treatment or using medications for a psychological disorder," despite Dr. Arnold's diagnoses. (Tr. 26.) Indeed, despite treatment by various physicians over the period of two years, the record does not indicate that any other medical provider diagnosed, treated, suggested, implied or suspected mental disorders of the nature identified by Dr. Arnold. (Tr. 20-23.) Furthermore, while lack of treatment alone does not show that Plaintiff does not have a psychological disorder, as psychological disorders sometimes go

---

[3]Dr. McKnight did not complete a mental residual functional capacity assessment form or otherwise assess Plaintiff's functional limitations.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT –15

untreated, it is relevant to the ALJ's point that Dr. Arnold's report
is not supported by the record overall.

The second reason mentioned by the ALJ for rejecting Dr. Arnold's
opinion is the body of his report does not indicate significant
cognitive or social issues. (Tr. 27.) Dr. Arnold reported Plaintiff
was able to establish a working rapport fairly easily and he was
adequately groomed and attired. (Tr. 27, 285.) Dr. Arnold noted
Plaintiff's academic and work history suggest at least low average
intellectual functioning. (Tr. 27, 285.) The ALJ also pointed out
Dr. Arnold stated Plaintiff had adequate functioning with regard to
short and long-term memory. (Tr. 27, 285.) The facts all support the
ALJ's determination that Dr. Arnold's conclusions are not consistent
with the contents of the report.

A third factor in the ALJ's discounting of Dr. Arnold's opinion
is Dr. Arnold questioned the validity of the MMPI-2 profile results.
(Tr. 27, 285-86.) The ALJ also pointed out Dr. Arnold raised the
issue of Plaintiff's forthrightness regarding substance abuse. (Tr.
27, 285.) These facts reflect more on Plaintiff's credibility than
the validity of Dr. Arnold's report, particularly since Dr. Arnold
acknowledged them and presumably took them into account in making his
conclusions. This reason was therefore not properly considered by the
ALJ in evaluating Dr. Arnold's report.

Fourth, the ALJ acknowledged Plaintiff has some memory
impairment, but he is capable of following instructions and completing
tasks, as evidenced by his work history and his own statements that he
had no difficulties performing job functions. (Tr. 21-24, 27, 191-92,
284-85.) Socially, the ALJ noted Plaintiff visits with friends, takes
care of his daughter, and engages in all activities of daily living,

1  other than driving, without difficulty. (Tr. 21-24, 27, 189, 286.)

2  These facts undermine the numerous moderate and severe impairments

3  assessed by Dr. Arnold.

4       Finally, the ALJ gave Dr. Arnold's assessment little weight

5  because it is inconsistent with the weight of the evidence. The ALJ

6  described the medical and psychological evidence in detail; no other

7  physician or psychologist noted a suspected mental disorder or

8  recommended psychological treatment. Although the ALJ considered one

9  improper factor in assessing Dr. Arnold's report, the error is

10  harmless because it was inconsequential to the overall disability

11  determination. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th

12  Cir. 2006). The ALJ provided specific, legitimate reasons supported

13  by the record for giving little weight to Dr. Arnold's report. Thus,

14  the ALJ did not err in rejecting Dr. Arnold's opinion.

15  **3.    Step Two**

16       Plaintiff argues the ALJ's step two determination that he did not

17  have a severe mental impairment was erroneous. (Ct. Rec. 14 at 13.)

18  Defendant argues the ALJ properly determined that seizure disorder and

19  cognitive impairment are Plaintiff's only severe impairments. (Ct.

20  Rec. 17 at 15.)

21       The step two inquiry is a de minimis screening device to dispose

22  of groundless or frivolous claims. *See Bowen v. Yuckert*, 482 U.S.

23  137, 153-54 (1987). At step two, the ALJ must conclude whether

24  Plaintiff suffers from a "severe" impairment, one which has more than

25  a slight effect on the claimant's ability to work. To satisfy step

26  two's requirement of a severe impairment, the claimant must prove the

27  existence of a physical or mental impairment by providing medical

28  evidence consisting of signs, symptoms, and laboratory findings; the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -17

claimant's own statement of symptoms alone will not suffice.   20 C.F.R. § 416.908.   The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms.   20 C.F.R. § 416.929.   Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of pain.   *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991).   However, an overly stringent application of the severity requirement violates the statute by denying benefits to claimants who do meet the statutory definition of disabled.   *Corrao v. Shalala*, 20 F.3d 943, 949 (9th Cir. 1994).

An impairment or combination of impairments can be found not severe if it has no more than a minimal effect on an individual's ability to do work.   *See* SSR 85-28; *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).   On the other hand, a severe impairment is one that significantly limits an individual's ability to do basic work activities.   *See* 20 C.F.R. 416.920(c).   "Basic work activities" are the abilities and aptitudes necessary to do most jobs.   20 C.F.R. § 416.921(b).

The ALJ found Plaintiff has the severe impairments of seizure disorder and cognitive impairment.   (Tr. 19.)   The ALJ summarized the medical evidence in detail, including the diagnoses of the two examining psychologists, Dr. McKnight and Dr. Arnold, and the opinion of Dr. Mee, a state consulting psychologist.   (Tr. 19-24.)   In June 2005, Dr. McKnight diagnosed cognitive disorder, not otherwise specified and polysubstance abuse by history.   (Tr. 22, 192.)   Dr. Mee confirmed Dr. McKnight's opinion of cognitive disorder, not otherwise specified, indicative of certain moderate impairments.   (Tr. 23, 236.)   On May 4, 2007, Dr. Arnold diagnosed undifferentiated somotoform

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -18

disorder, dysthymic disorder, and cognitive disorder, not otherwise specified.   He also diagnosed passive-aggressive avoidant and depressive personality traits.  (Tr. 24, 287.)

In support of his assertion that the ALJ erred in not finding a severe mental impairment, Plaintiff cites the diagnoses of Drs. McKnight, Mee, and Arnold, but does not cite any other facts supporting his position or argue why the ALJ should have interpreted these opinions differently.  (Ct. Rec. 14 at 11-13.)  The ALJ, on the other hand, cited a number of facts and inferences which led to his conclusion that Plaintiff's mental issues, as diagnosed by Dr. Arnold, impose no more than a minimal limitation on his ability to work.  (Tr. 24.)  The ALJ cited Plaintiff's lack of history of treatment for or diagnosis of a psychological disorder; the lack of evidence supporting Dr. Arnold's diagnosis; evidence of cognitive abilities despite some memory impairment; evidence of social abilities; and Plaintiff's lack of psychological treatment.[4]  (Tr. 24.)  The ALJ also noted that Dr. McKnight's evaluation does not indicate significant cognitive or social issues.  (Tr. 24, 187-92.)  Furthermore, as discussed above, the ALJ discredited Dr. Arnold's opinion and concluded there is no evidence to support the severe limits and diagnoses indicated by Dr. Arnold.  (Tr. 24, 26-27.)  Because Dr. Arnold's opinion was properly rejected by the ALJ, there is no evidence of diagnosis of a severe mental impairment.

The ALJ's findings shall be upheld if they are supported by evidence and inferences reasonably supported by the record. *Batson v. Comm'r of Soc. Sec'y Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).  The

---

[4]These factors are discussed in detail, *supra*.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT –19

ALJ's duty is to resolve evidentiary conflicts, *see Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1985), and substantial evidence supports his resolution of the conflicting diagnoses in this case.  The ALJ's step two finding is supported by the record and the ALJ did not err.

**4.  Hypothetical**

Plaintiff argues the ALJ's hypothetical to the vocational expert did not take into account limitations assessed by Dr. Mee, a state agency reviewing psychologist, even though the ALJ found Dr. Mee's report consistent with Dr. McKnight's report.  (Ct. Rec. 14 at 14.) Defendant argues the ALJ actually included Dr. Mee's assessed limitations in the hypothetical.  (Ct. Rec. 17 at 19.)

The ALJ's hypothetical must be based on medical assumptions supported by substantial evidence in the record which reflects all of the claimant's limitations.  *Osenbrook v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001).  The hypothetical should be "accurate, detailed, and supported by the medical record."  *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999).  The ALJ is not bound to accept as trued the restrictions presented in a hypothetical question propounded by a claimant's counsel.  *Magallenes v. Bowen*, 881 F.2d 747, 756-57 (9th Cir. 1989); *Martinez v. Heckler*, 807 F.2d 771, 773 (9th Cir. 1986). The ALJ is free to accept or reject these restrictions as long as they are supported by substantial evidence, even when there is conflicting medical evidence.  *Id.*

In reviewing the medical opinion evidence, the ALJ noted that state agency consulting opinions are consistent with the record as a whole and assigned them significant weight.  (Tr. 26.)  In particular, the ALJ found that Dr. Mee, a state agency psychologist, affirmed Dr. McKnight's findings, including the diagnoses of cognitive disorder,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -20

not otherwise specified. (Tr. 224-36.) Dr. Mee assessed moderate limitations in the following five areas: (1) the ability to understand and remember detailed instructions; (2) the ability to carry out detailed instructions; (3) the ability to maintain attention and concentration for extended periods; (4) the ability to interact appropriately with the public; and (5) the ability to respond appropriately to changes in the work setting. (Tr. 220-21.)

Dr. Mee also explained his assessment of each limitation. Dr. Mee referenced the first three limitations and noted, "[C]laimant demonstrates ability to learn simple routine work tasks. [C]laimant demonstrates att/conc [attention/concentration] within one SD [standard deviation] of mean and adequate for maintaining attn/conc on simple work tasks." (Tr. 222.) With respect to the fourth limitation, the ability to interact appropriately with the public, Dr. Mee wrote, "[C]laimant noted to be sw [somewhat] detached distracted limiting him to more superficial interactions with the public. Claimant is able to accept instructions, is able to interact with coworkers." (Tr. 222.) Dr. Mee also commented on the last assessed limitation in the ability to respond appropriately to changes in the work setting. Dr. Mee noted, "[C]laimant will benefit from additional time to learn changes in procedures." (Tr. 222.)

The ALJ included Dr. Mee's explanation of the assessed limitations in the hypothetical to the vocational expert. The relevant portion of the hypothetical is as follows:

> [W]e'll say he's able to learn simple, routine tasks; his attention and concentration would be adequate for maintaining on simple work tasks; be limited to superficial interaction with the public; and he would benefit from additional time to learn changes and procedures. He may be a bit slower in adapting to change.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -21

1  (Tr. 330.)  These limitations are taken directly from Dr. Mee's

2  explanation of his assessment.  It was reasonable of the ALJ to take

3  into account Dr. Mee's explanation rather than quoting the check-the-

4  box limitations assessed by Dr. Mee.  Indeed, the explanatory comments

5  are likely a more accurate indicator of Dr. Mee's assessment of

6  Plaintiff's condition than phrases on a preprinted form.  The ALJ's

7  hypothetical adequately takes into account the limitations assessed by

8  the state agency consulting physician, and therefore, the ALJ did not

9  err.

10                          **CONCLUSION**

11      Having reviewed the record and the ALJ's findings, this court

12  concludes the ALJ's decision is supported by substantial evidence and

13  is not based on error.  Accordingly,

14      **IT IS ORDERED:**

15      1.  Defendant's Motion for Summary Judgment **(Ct. Rec. 16)** is

16  **GRANTED.**

17      2.  Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is

18  **DENIED.**

19      The District Court Executive is directed to file this Order and

20  provide a copy to counsel for Plaintiff and Defendant.  Judgment shall

21  be entered for Defendant and the file shall be **CLOSED.**

22      DATED April 3, 2009.

23

24  _____S/ CYNTHIA IMBROGNO_____

25             UNITED STATES MAGISTRATE JUDGE

26

27

28

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -22